JUSTICE KINSER,
with whom JUSTICE LACY joins, concurring in part and dissenting in part.
I agree with the majority opinion except its conclusion that the evidence is not sufficient to raise a jury question on whether an assault on A.H. was reasonably foreseeable. In reaching this conclusion, the majority emphasizes that the prior assaults on Rocking-ham’s carriers did not occur at or near the location of the assault on A.H. and that those assaults did not occur frequently or sufficiently close in time. However, other facts, about which Rockingham had knowledge, show that an assault on A.H. was reasonably foreseeable. *226 Thus, I believe the evidence provides a sufficient basis upon which to submit to the jury the question of whether a sexual assault on A.H. while he was delivering papers on his route was reasonably foreseeable. See Page v. Arnold, 227 Va. 74, 80, 314 S.E.2d 57, 61 (1984).
As the majority states, the three prior assaults occurred in distinct parts of Harrisonburg, and not on any one paper route. Even though the attacks occurred at different locations, they shared the common elements of being attacks on carriers while delivering papers on routes assigned by Rockingham. Thus, the random locations of the assaults rendered an attack on any given paper route more, rather than less, foreseeable. In other words, if the prior assaults had occurred in only one area of the city or on a particular paper route, then Rockingham would be justified in arguing that it could not have foreseen that A.H.’s route would be the site of an assault. Also persuasive is the fact that the assaults occurred in the same type of location, a paper route, thereby rendering an attack on A.H.’s route foreseeable.
Furthermore, the modus operandi of the prior assaults and the three victims’ descriptions of the assailant are significant factors in the foreseeability analysis. With regard to the assailant’s modus operandi, all prior attacks occurred in the pre-dawn hours while the three victims were delivering Rockingham’s papers. The victims reported that the assailant grabbed them from behind and attempted to engage in sexual acts. The victims also gave strikingly similar descriptions of their assailant. All the descriptions included the same attributes as to age, gender, race, and physique. In sum, the time and method of the attacks, the sexual nature of the assaults, and the similarity in the victims’ descriptions of the assailant are facts sufficient to raise a jury question.
Finally, even though the first two assaults occurred four-and-a-half and five years before the assault on A.H., Rockingham knew that the assailant in the first two attacks had never been apprehended. Thus, when the third assault occurred, four months before the assault on A.H., and the victim provided a description of the assailant remarkably similar to those given by the first two victims, it was then reasonably foreseeable that the danger to Rockingham’s carriers still existed.
For these reasons, I would reverse the trial court’s judgment sustaining the motions to strike the evidence and remand the case for a new trial.